# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 1, 2008

## AUTHOR RAY TURNER v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0279     Joseph Walker, Judge**

---

**No. W2008-00011-CCA-R3-HC  - Filed September 16, 2008**

---

The petitioner, Author Ray Turner, appeals the circuit court's order summarily dismissing his petition for writ of habeas corpus. Following our review of the record and applicable law, we affirm the court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Author Ray Turner, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

It appears from the record before us that in 1995 the petitioner, pursuant to a plea agreement, entered guilty pleas to especially aggravated kidnapping, aggravated robbery and two counts of aggravated rape. He was sentenced to twenty years for each of his aggravated rape convictions and ten years for his especially aggravated kidnapping and aggravated robbery convictions. Thereafter, the trial court ordered the petitioner's sentences to run concurrent, except for the rape sentences which were to run consecutive for an effective sentence of forty years. In April 1996, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel and improper imposition of consecutive sentences. The petition was dismissed and this court affirmed the dismissal on appeal. *See Arthur R. Turner v. State*, No. 01C01-9707-CR-00274, 1998 WL 652154 (Tenn. Crim. App., at Nashville, Sept. 23, 1998) *perm. app. denied* (Tenn. March 22, 1999). Subsequently, the petitioner unsuccessfully filed a series of petitions seeking post-conviction relief. *See, e.g.*, *Author R. Turner v. State*, No. M2002-00541-CCA-R3-PC, 2003 WL 1877035 (Tenn. Crim. App., at Nashville, April 15, 2003) *perm. app. denied* (Tenn. Sept. 2, 2003) (petition for relief barred by statute of limitations). The petitioner also unsuccessfully sought post-conviction relief in the federal district court via petition for writ of habeas corpus. *See,* e.g., *Author Ray Turner v.*

*Stephen Dotson, Warden*, No. 06-5121, 2007 Fed. App. 0179N (6th Cir. Tenn. Mar. 6, 2007) (petition for relief barred by statute of limitations).

On December 6, 2007, the petitioner filed a petition for writ of habeas corpus, alleging that he received an illegal sentence because he was sentenced beyond the presumptive minimum sentence on each of his convictions to which he pled guilty in violation of his Sixth Amendment right to a jury trial as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004) and its progeny. The habeas court noted that the petitioner "made a tactical decision to waive his Sixth Amendment claims. He entered a plea for an agreed sentence, and signed a written waiver." The court also noted the petitioner's plea-bargained sentence may legally exceed the minimum sentence in the range. As such, the court found that the petitioner's habeas petition demonstrated no right to relief and dismissed the petition. The petitioner appealed.

On appeal, the petitioner essentially reiterates his argument that he is entitled to habeas corpus relief because he was sentenced beyond the presumptive minimum sentence on each of his convictions to which he pled guilty in violation of his Sixth Amendment right to a jury trial as set forth in *Blakely* and its progeny.[1]

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

At the onset of our review, we note that the challenged judgments of conviction are not in the record before us. By not attaching the judgments of conviction, the petitioner has failed to

---

[1] The petitioner also refers to *Cunningham v. California,* 549 U.S. 270, 127 S. Ct. 856 (2007). *Blakely* held that any fact other than that of a prior conviction used to enhance a defendant's sentence must be proven to a jury beyond a reasonable doubt. 542 U.S. at 30. *Cunningham* applied the holding in *Blakely* and invalidated California's determinate sentencing law because it allowed a trial court to enhance a defendant's sentence based on facts found by the judge by a preponderance of the evidence. 549 U.S. at ----, 127 S. Ct. at 868.

comply with the mandatory procedural requirements for seeking habeas corpus relief and a court may dismiss the petition without the appointment of counsel and without a hearing. *Summers v. State*, 212 S.W.3d 251, 260-61 (Tenn. 2007); *see generally* Tenn. Code Ann. § 29-21-107.

In addition, as the trial court found, the petitioner's claim is not cognizable in a habeas corpus proceeding. While the petitioner failed to attach copies of his judgment of convictions and other documentation regarding his guilty pleas, it appears from the available record that the petitioner's sentences were the product of a knowing and voluntary guilty plea, wherein the petitioner agreed to the sentences imposed. "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). It also appears that the petitioner was sentenced within the range of his offender status. A plea-bargained sentence is legal so long as it does not exceed the overall maximum punishment range authorized for the plea offense. *See id.* Also, this court has consistently held that *Blakely* violations do not apply retroactively to cases on collateral appeal. *See, e.g., Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied* (Tenn. April 7, 2008); *Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594 (Tenn. Crim. App., at Nashville, May 1, 2007); *Ulysses Richardson v. State*, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162 (Tenn. Crim. App. May 24, 2007), *perm. app. denied* (Tenn. Sept. 17, 2007) ("*Apprendi/Blakely* type issues regarding allocating fact-finding authority to judges during sentencing are not in the narrow class of procedural rules that apply retroactively."); *James R.W. Reynolds v. State*, No. M2004-02254-CCA-R3-HC, 2005 WL 736715 (Tenn. Crim. App., at Nashville, Mar. 31, 2005), *perm. app. denied* (Tenn. Oct. 10, 2005). Furthermore, the petitioner's claim that he was sentenced above the minimum sentence in violation of *Blakely* fails because, even if such a defect occurred, the defect would only render the judgment voidable, not void. *See, e.g., Meeks*, 2007 WL 4116486; *Bowles*, 2007 WL 1266594; *Donovan Davis v. State*, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093 (Tenn. Crim. App., at Nashville, Aug. 15, 2007), *perm. app. denied* (Tenn. Nov. 13, 2007).

In sum, the petitioner has clearly failed to show that his sentences are void or that his effective sentence has expired. As a result, the court's summary dismissal was proper. *See Summers*, 212 S.W.3d at 260.

_____
J.C. McLIN, JUDGE